IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RYAN R. KING PLAINTIFF

v. Case No. 6:26-cv-06030

JUDGE BYNUM GIBSON;
JUDGE MEREDITH SWITZER;
JUDGE JOE GRAHAM; PROSECUTOR
COLBY HARBER; MICHELLE LAWRENCE;
and CAITLIN BORNEFT DEFENDANTS

**ORDER**

Before the Court is a Report and Recommendation filed on March 24, 2026, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 7. Plaintiff Ryan R. King ("King") has filed objections. ECF No. 8. The Court finds the matter ripe for consideration.

## I. BACKGROUND

On March 11, 2026, King filed this civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. King alleges malicious prosecution, abuse of process, false imprisonment, and due process claims stemming from a state prosecution in the Garland County District Court. King alleges that Defendant Meredith Switzer ("Judge Switzer") charged him with breaking a no contact order from the bench on July 28, 2023, and Defendant Michelle Lawrence ("Prosecutor Lawrence") "went along with the judge." ECF No. 1, at 4. King alleges that the no contact order charge is impossible because he was incarcerated on July 28, 2023. *Id.* King alleges that the Circuit Court changed the date of the charge to July 27, 2023. *Id.* King alleges that Defendant Bynum Gibson ("Judge Gibson") would not let him cross-examine witnesses, present evidence, or testify at his jury trial. *Id.* at 5. King alleges that Judge Gibson called him "Rodney King" and yelled that King has "no respect for the law" in front of the jury. *Id.* King contends that he has video evidence exonerating

him. *Id.* King alleges that Defendant Joe Graham ("Judge Graham") watched the video evidence and told King he "can take that to the Supreme Court." *Id.* at 7. King does not allege facts against Defendants Colby Harber or Caitlin Borneft. For relief, King seeks compensatory damages, punitive damages, a written apology, and to "expose this corruption and bring it to the attention of the people in Hot Springs and nationally." *Id.* at 9.

On March 24, 2026, Judge Ford issued the instant Report and Recommendation. ECF No. 7. Judge Ford recommends dismissal of King's claims because they are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Id.* at 4-5. Judge Ford finds that the core of King's section 1983 claim is the validity of his state prosecution and conviction for violation of a no contact order and that a finding of malicious prosecution, false imprisonment, or abuse of process by this Court would invalidate King's state conviction. *See Heck*, 512 U.S. at 486-87 (holding that a prisoner cannot file an action pursuant to § 1983 for an allegedly unconstitutional conviction without showing that his conviction has been reversed, expunged, declared invalid, or called into question). Judge Ford also recommends dismissal of King's claims against the Judge and Prosecutor Defendants because they enjoy judicial and prosecutorial immunity. *Id.* at 5-6.

## II. DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.1(VII)(B). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or

recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). A "clearly erroneous" standard of review applies to the portions of a magistrate judge's report and recommendation to which no objections have been made. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *see also* Fed. R. Civ. P. 72 advisory committee's note, subd. (b) (instructing a reviewing court to "satisfy itself that there is no clear error on the face of the record").

On April 6, 2026, King filed timely objections. ECF No. 8. King objects to the Report and Recommendation because the Court "has not considered the legally lethal flaws in the state's case." *Id.* at 1. King repeats the evidence he believes exonerates him, including by describing video footage wherein "Castaneda" says "I can't arrest him for breaking a no contact order" before arresting King. *Id.* at 2. King argues that immunity "does not apply to judges or prosecutors who are breaking well established laws." *Id.* King's objections do not engage with Judge Ford's findings and recommendations or show any error of fact or law therein. Judge Ford reviewed the facts alleged by King and found that King's claims are barred by *Heck*, judicial immunity, and prosecutorial immunity. King does not dispute that his claims are barred by *Heck*; he does not contend that his underlying no contact order violation conviction has been reversed on appeal or otherwise called into question. *See Heck*, 512 U.S. at 486-87. In the absence of specific objections,

the Court finds no clear error on the face of the record with respect to Judge Ford's recommendations and will adopt them. *See Grinder*, 73 F.3d at 795.

## III. CONCLUSION

Accordingly, the Court finds that the Report and Recommendation (ECF No. 7) should be and hereby is **ADOPTED** *in toto*. Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 21st day of August, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge